UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WILLIS BENDER, | Case No. 1:25-cv-00805-KES-EPG (PC) |
| Plaintiff, | ORDER PERMITTING PLAINTIFF TO PROCEED ON HIS EIGHTH AMENDMENT CONDITIONS-OF-CONFINEMENT CLAIM AGAINST DEFENDANTS PERKINS AND MORALES |
| v. | |
| D. PERKINS, *et al.*, | |
| Defendants. | (ECF No. 11) |

Plaintiff Lee Willis Bender is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7, 11).

Plaintiff filed a first amended complaint on August 15, 2025, alleging that unsanitary conditions at his prison have resulted in violations of his Eighth Amendment rights.[1] (ECF No. 11). The first amended complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's first amended complaint may proceed past screening on his claim against Defendants Perkins and Morales for unconstitutional conditions of confinement in violation of the Eighth Amendment.

\\\

\\\

---

[1] Plaintiff filed another amended complaint on August 21, 2025. (ECF No. 12). However, it appears identical to the amended complaint at ECF No. 11, except that it does not attach the Court's standard complaint form. The Court will analyze the more complete version of the amended complaint at ECF No. 11.

1

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a claim on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i-iii). (ECF No. 5).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.      SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's first amended complaint states that the events described below occurred at California Substance Abuse Treatment Facility (SATF) and State Prison in Corcoran, California. He names two Defendants: (1) SATF Correctional Food Manager D. Perkins and (2) SATF Warden Raul Morales.

In relevant part, Plaintiff alleges as follows.

On October 10, 2024, the hot water heater in the inmates' restroom "blew up." (ECF No. 11, p. 7). No hot water was available from October 10, 2024, until June 25, 2025, when Plaintiff says he filed his initial complaint.[2] Plaintiff alleges that the lack of hot water resulted in unsanitary conditions during this time. Plaintiff alleges that kitchen workers were not adequately trained to avoid contamination.

Plaintiff alleges that Defendants knew of these conditions and the "contamination of the food" and "said that a work order was submitted." (*Id.* at 8). Further, they have "the authority to-establish or to change unsanitary feeding procedures at SATF." (*Id.*). However, they "turned a blind eye to the unsanitary [conditions]." (*Id.*).

Plaintiff asserts that "he and others inmates became ill from the unsanitary conditions" and he "has suffered injury [and] pain." (*Id.*).

As for relief, Plaintiff seeks monetary damages. (*Id.* at 10).

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or

---

[2] The Court notes that Plaintiff's initial complaint was dated July 2, 2025. (ECF No. 1, p. 6).

3

federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.  Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be "restrictive and even harsh." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other*

*grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions-of-confinement claims "is one of deliberate indifference." *Id.* (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "The circumstances, nature, and duration" of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 834; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

"Adequate food is a basic human need protected by the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) "[I]mates rely on prison officials to provide them with adequate sustenance on a daily basis." *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009). However, the food served in prisons is only required to be "adequate to maintain health" and does not need to "be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). However, a "lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995).

Although it is not clear whether the allegations in Plaintiff's first amended complaint are sufficient to rise to the level of a constitutional violation under the legal standards above, liberally construing those allegations for the purposes of screening only, the Court will permit Plaintiff to proceed past the screening stage on his claim against Defendants Perkins and

Morales for unconstitutional conditions of confinement in violation of the Eighth Amendment.

## IV.   CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED as follows:

1.  Plaintiff may proceed past screening on Plaintiff's first amended complaint on his claim against Defendants Perkins and Morales for unconstitutional conditions of confinement in violation of the Eighth Amendment.[3]

IT IS SO ORDERED.

Dated:   __**January 16, 2026**__          /s/ *Erin P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE

---

1.  The Court will issue an order regarding service of Plaintiff's first amended complaint in due course.